CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

JUN 16 2011

JULIA C. DUDLEY, CLERK
BY: K. Bauserman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY | ) ) ) |
| Plaintiff, | ) Civil Action No. 5:10cv00087 ) |
| v. | ) ) By: Michael F. Urbanski |
| HERBERT H. HOSKINS, et. al., | ) United States District Judge ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff, St. Paul Fire and Marine Insurance Company ("St. Paul") alleges that in its capacity as fidelity insurer for American Woodmark Corporation ("American"), it incurred losses due to fraud and theft in the amount of $1,359,337.59. St. Paul filed a diversity action to recover its losses against the alleged perpetrators of the fraud, a former American plant manager, Herbert H. Hoskins, his wife, Melanie Ann Hoskins, his son, J.R. Wesley Hoskins, and two companies the Hoskins' controlled, Kentucky Lumber Sales, LLC and Bluegrass Wood Products, LLC. (hereinafter collectively referred to as "the Hoskins and their companies"). Defendants moved to dismiss St. Paul's complaint for lack of personal jurisdiction and improper venue. In a Memorandum Opinion dated May 18, 2011, the court concluded that St. Paul's pleading alleged with sufficient and particular detail that the Hoskins and their companies engaged in a conspiracy to defraud particularly directed at American's corporate headquarters in Winchester, Virginia. As such, the court found that St. Paul made a prima facie showing of personal jurisdiction and venue in this district.

On the same date, however, the court by separate order raised the question whether St. Paul had met its burden of showing that subject matter jurisdiction exists based on diversity of citizenship. The court noted that the complaint described St. Paul as a stock insurance company having its principal place of business in Connecticut. The complaint makes no reference to St. Paul's place of incorporation, and, as such, the order indicated that the pleadings left some uncertainty as to where St. Paul's citizenship lies. The court ordered St. Paul to promptly disclose the information necessary for the court to decide whether it has subject matter jurisdiction.

On May 20, 2011, St. Paul filed a notice concerning this issue with an attached affidavit from Cynthia J. Kos, a Claim Executive for St. Paul. The Kos affidavit states that St. Paul is a stock insurance company incorporated under the laws of the State of Connecticut and that St. Paul has its principal place of business and main administrative offices in Hartford, Connecticut, from which it directs and controls its business.

This court has diversity jurisdiction of civil actions "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). A corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); accord Athena Auto., Inc. v. DiGregorio, 166 F.3d 288, 289 (4th Cir.1999). St. Paul must therefore allege both its principal place of business and state of incorporation to establish diversity jurisdiction. Acwoo Inern. Steel Corp. v. Toko Kaiun Kaish, Ltd., 840 F.2d 1284, 1290 (6th Cir. 1998). The Supreme Court, in an effort to set out a bright line rule, has clarified that "the phrase 'principal place of business' refers to the place where the corporation's high level officers direct,

control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 130 S.Ct. 1181, 1186, 175 L.Ed.2d 1029 (2010).

According to the Kos affidavit, St. Paul is incorporated in Connecticut and that its principal place of business and main administrative offices are located in Hartford, Connecticut from which it directs and controls its business. Accordingly, St. Paul has plainly established that its citizenship lies in Connecticut. Given the undisputed facts that all defendants are citizens of the State of Kentucky, and that the amount in controversy exceeds $75,000, this court has sufficient information to find that complete diversity exists, and subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(1).

Entered: June 16, 2011

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge